**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANNA KRIEBEL and DONNA KERR,** : | |
|     **Plaintiffs,** : | |
|        **v.** : | **CIVIL ACTION NO. 13-1068** |
| : | |
| **GREGORY LONG, Exec. Dir. Federal** : | |
| **Thrift Investment Board,** : | |
|     **Defendant.** : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                    **January 16, 2014**

Before his death on December 18, 2011, Rocco Sgro was an employee of the United

States Army Corps of Engineers and a participant in a Thrift Savings Plan ("TSP").  Before the

Court is a dispute regarding the proper distribution of the funds in Sgro's TSP.  After his death,

two of his sisters (Plaintiffs), believing they were the named beneficiaries under Sgro's TSP,

submitted an application to the TSP, asking that his death benefits be paid to them.[1]  The TSP

death processing unit determined that Sgro did not have a beneficiary election form on file, and

denied Plaintiffs' application.[2]  Plaintiffs sued, alleging that Defendant's refusal to pay the

benefits owed to them as Sgro's beneficiaries is a violation of federal law.  The parties have filed

cross motions for summary judgment.

## I.  FACTUAL BACKGROUND[3]

A TSP is a retirement savings plan for federal employees, and it operates much like the

Section 401(k) savings plans which are offered to employees by private sector employers.  The

---

[1] Complaint at ¶ 2.
[2] Statement of Stipulated Facts at ¶ 24.
[3] The facts set forth herein are taken from the Statement of Stipulated Material Facts [Doc. No. 21], except where otherwise noted.

TSP is administered by the Federal Retirement Thrift Investment Board, of which Defendant Gregory T. Long is the executive director.

An employee may designate particular beneficiaries to receive a participant's Thrift Savings Plan funds after the employee's death.  To do so, plan participants must complete the TSP-3 form, and that form must be received by the TSP.

On January 16, 2007, Jeanine Melton, an administrative specialist at the United States Army Corps of Engineers Finance Center, where Sgro worked as an accountant, helped Sgro fill out a TSP-3 form.  On that form, Sgro designated Plaintiffs as his beneficiaries, listing their names and addresses.  His signature was witnessed by Melton and another employee, Patricia Lindsey.  Melton then placed the TSP-3 form in an Army Corps of Engineers envelope, and, according to her testimony at her deposition, she then either took it to the mail room or dropped it in one of the two mailboxes near the mail room.  Melton further testified that she routinely helped employees at the Finance Center complete TSP-3 forms and mailed those forms to the TSP record office in Birmingham, Alabama, for the employees.[4]  She estimated that during her 15 years at the agency, she prepared and mailed approximately 50 TSP-3 forms each year for her fellow employees.[5]

TSP has no record of having received Sgro's beneficiary designation form, and also does not have any record of a confirmation letter, which would typically be generated upon receipt of the TSP-3 form.  In addition, each of Sgro's participant statements from 2007–2011, which were sent to him, indicated that he did not have a beneficiary designation form on file.[6]  Plaintiffs applied for death benefits as his beneficiaries in January 2012, and on February 8, 2012, the TSP notified them that it had never received the TSP-3 naming them as beneficiaries and therefore

---

[4] Melton dep. at 15, 16 17, 26.
[5] *Id.*
[6] Plaintiffs point out that this information appeared in small print on the back of the statement.

would pay benefits in accordance with the statutory order of precedence established at 5 C.F.R. § 1654.2(a).[7]

## II.   STANDARD OF REVIEW

Upon motion of a party, summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]  Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."[9]  A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[10]  A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[11]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[12]  Further, a court may not weigh the evidence or make credibility determinations.[13]  Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[14]  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[15]  This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it

---

[7] According to Plaintiffs' Motion for Summary Judgment, Sgro was never married and had no children.  He was survived by his parents and four siblings.  The TSP Death Benefits Processing Unit determined that the death benefit would be payable to Sgro's parents, pursuant to the statutory scheme.  As they have since died, the death benefit will be payable to their estates.  Doc. No. 20 at 2.
[8]  Fed. R. Civ. P. 56(a), (c)(1).
[9]  *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988).
[10]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[11]  *Id.*
[12]  *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[13]  *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).
[14]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[15]  *Anderson*, 477 U.S. at 249–50 (citations omitted).

is unnecessary and would only cause delay and expense."[16]  Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[17]

## III.  DISCUSSION

At issue here is whether Sgro's TSP-3 form was received by the TSP record keeper on or before the date of the participant's death in 2011.  Plaintiffs argue that federal common law has long recognized a rebuttable presumption that a properly mailed item was received by an addressee (the "mailbox rule"),[18] and therefore the Court should apply a rebuttable presumption that the TSP-3 form was received by TSP because it was properly mailed to TSP by Melton.  In its cross-motion for summary judgment, TSP argues that the Court should not recognize the mailbox rule, as the relevant regulation requires actual receipt of the form by the TSP record keeper,[19] and should find that the TSP-3 was not received because the TSP's records do not indicate receipt of the TSP-3.

The Court agrees that the TSP regulation plainly requires receipt of the TSP-3 form.  However, the federal regulation is silent on the method of determining receipt.  Here, the TSP-3 was not sent by registered or certified mail and was not logged as received, but neither was it returned as undeliverable.  Therefore, there is no direct or conclusive evidence of either receipt or non-receipt.  The Court finds that that application of the mailbox rule is not contrary to, nor

---

[16] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976)).

[17]  *Celotex*, 477 U.S. at 322; *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[18] *Hagner v. United States*, 285 U.S. 427, 430 (1932); *Phila. Marine Trade Ass'n.-Int'l Longshoremen's Ass'n Pension Fund v. C.I.R.*, 523 F.3d 140, 147 (3d Cir. 2008).

[19] The regulation reads, in relevant part: 1) "To designate a beneficiary of a TSP account, a participant must complete and file a TSP designation of beneficiary form with the TSP record keeper" and 2) "To be valid and accepted by the TSP record keeper, a TSP designation of beneficiary form must . . . [b]e received by the TSP record keeper on or before the date of the participant's death."   5 C.F.R. § 1651.3.

does it alter or ignore, the requirement of actual receipt of the TSP-3.[20]  Rather, the mailbox rule can be used as "a tool for determining, in the face of inconclusive evidence, whether or not receipt has actually been accomplished."[21]  It is appropriate to apply that rule here, as its application is consistent with the TSP program's purpose.[22]   The Court *does not* hold that proof of mailing alone is sufficient to demonstrate receipt of the TSP-3.  However, if Plaintiffs can establish that the TSP-3 was mailed, the burden will shift to Defendant to prove that it was not received, which it may do through testimony regarding its procedures for receiving, sorting, and distributing mail, procedures for processing and filing TSP-3 forms, procedures for generating confirmation letters, any evidence that such procedures were being reliably followed during the relevant time period, evidence that a thorough search for the form was conducted, and/or any other relevant evidence.[23]

Plaintiffs argue that no trial is necessary, as the Court can apply the mailbox rule to the uncontested facts and find in their favor as a matter of law.  Specifically, Plaintiffs argue that they have produced sworn testimony indicating that the TSP-3 form naming Plaintiffs as beneficiaries was mailed to the TSP office on January 16, 2007, several years before Sgro's death.  They argue that the TSP cannot rebut the presumption of delivery under the mailbox rule simply by establishing that there was no TSP-3 form on file, because the TSP record keeper may

---

[20]  Contrary to Defendant's assertion, the Court concludes that the Third Circuit opinion in *Lightfoot v. United States*, 564 F.3d 625 (3d Cir. 2009), does not compel a different result, as in that case involving claims under the Federal Tort Claims Act, the plaintiff had to establish timely receipt of his request for reconsideration in order for the court to have subject matter jurisdiction.  Because the Federal Tort Claims Act creates a narrow exception to the government's immunity from civil tort suits, the Third Circuit held that it would be inappropriate to apply the rebuttable presumption of the mailbox rule.  *Id.* at 628.  The Court's subject matter jurisdiction is not at issue in the present case, and the relevant statute has a very different purpose.

[21]  *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 961 (9th Cir. 2001); *see also, Phila. Marine Trade*, 523 F.3d at 147.

[22]  The TSP is a defined contribution retirement savings plan, and all sums contributed by the employee, or by his agency for his or her benefit, are held in trust by the Board of the Federal Retirement Thrift Investment Board in an individual account for that employee for the exclusive benefit of the employee or the employee's beneficiaries.  5 U.S.C. § 8437.  The employee has the right to designate how the sums contained in his or her account are distributed after the employee's death.

[23]  *Schikore*, 269 F.3d at 964.

have lost or mishandled Sgro's TSP-3 form.  However, the parties dispute several facts material to this analysis, and therefore summary judgment is not appropriate.

In applying the mailbox rule to the facts of this case, the fact finder must first determine whether Plaintiffs have presented sufficient evidence of mailing to invoke a presumption of receipt.  It will be for the fact finder to determine whether Melton's testimony, and any other evidence, regarding the proper and timely mailing of the form is credible, and if so, whether the TSP has presented sufficient evidence to rebut the presumption of receipt. [24]

Because there are genuine issues of material fact as to the receipt of the TSP-3 by the TSP, the cross-motions for summary judgment will be denied, except as to the legal issue of whether the mailbox rule applies, on which issue the Court finds in Plaintiff's favor.

---

[24] The Court notes that the TSP has done more than assert that the TSP-3 is not in its files.  It has put forth sufficient evidence regarding its general procedures for processing incoming forms to survive a motion for summary judgment.